UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RONALD PHIPPS,

        Plaintiff,

-against-

THE STATE OF NEW YORK and
Attorney General ANDREW CUOMO,

        Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

07 CV 1330 (JG)(LB)

BLOOM, United States Magistrate Judge:

On April 5, 2007, this Court directed that *pro se* Plaintiff Ronald Phipp's lawsuit be transferred to the United States District Court for the Northern District of New York ("N.D.N.Y."). Thereafter, Plaintiff filed a letter, undated, but postmarked May 7, 2007 and received by this Court on May 9, 2007. That filing will be construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, but the motion is hereby denied.

In his initial suit, Plaintiff alleged that the annual lock-down procedure at the Clinton Correctional Institution, where he is incarcerated, violates his civil rights. That facility is within the jurisdiction of the N.D.N.Y. Plaintiff indicated that he had previously filed the same claim in that judicial district. See Phipps v. Attorney General's Office, 07-cv-0132 (DNH) (N.D.N.Y.).

In its April 5, 2007 Order, this Court directed that Plaintiff's Complaint be transferred to the N.D.N.Y, pursuant to the venue provisions governing federal question jurisdiction, which require that the action be filed in the judicial district where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. See 28 U.S.C. §

1391(b).[1] The Court further noted that it does not countenance Plaintiff's attempts at venue-shopping, and would not hear claims that had previously been adjudicated by another court of competent jurisdiction. Although Plaintiff's choice of forum is ordinarily entitled to some deference, "where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, plaintiff's choice of forum is entitled to no weight whatever, and transfer of venue is appropriate." Pierce v. Coughlin, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) (internal quotation marks and citations omitted).

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment upon a finding of one of several enumerated reasons and "only upon a showing of exceptional circumstances." United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Plaintiff's recent letter suggests that "sending the case back to the same venue that had already just dismissed the case in the first place is irrational, non-justifiable, and illogical." (Plaintiff's letter at 2.) He asserts that the transferred complaint was again dismissed by the N.D.N.Y. (Id. at 3.) Further, he argues that venue is proper in the United States District Court for the Eastern District of New York ("E.D.N.Y.") because he resided in Brooklyn prior to

---

[1] Although the Court did not enumerate all of the factors it considered in its original transfer order, Plaintiff is reminded that 28 U.S.C. § Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering transfer, courts have applied traditional venue considerations, which include: "(1) the convenience to parties; (2) the convenience to witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer." Schneider v. Sears, 265 F. Supp. 257, 263 (S.D.N.Y. 1967). Each of these factors weighs in favor of litigating this suit in the N.D.N.Y.

his incarceration. (Id. at 5.)

None of these arguments are sufficient grounds for this Court to reconsider its Transfer Order. Plaintiff's dissatisfaction with the pending litigation in another forum is not a meritorious reason for asking this Court to reconsider its proper transfer to that venue. Although Plaintiff asserts that his residence remains within the E.D.N.Y., there is no compelling reason why his case should be heard in this district, at considerable distance from the events giving rise to the lawsuit, and where the other forum is more convenient for all of the parties.

In any case, Plaintiff is already litigating these very same issues in the N.D.N.Y. That court determined that Plaintiff's Complaint failed to state a claim upon which relief may be granted and gave Plaintiff an opportunity to file an Amended Complaint. See Phipps v. Attorney General's Office, 07-cv-0132 (DNH) (N.D.N.Y. March 13, 2007). To date, Plaintiff has not done so. To litigate the same claims in multiple actions in different district courts would be a waste of judicial resources that this Court will not permit.

As Plaintiff has failed to assert exceptional circumstances sufficient to justify relief from this Court's April 5, 2007 Transfer Order, the motion for reconsideration is hereby denied.

SO ORDERED.

/S/

LOIS BLOOM
United States Magistrate Judge

Dated: May 24, 2007
Brooklyn, New York

3